```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
MUNROE LETTMAN and IONE LETTMAN,               :
                                                :
                    Plaintiffs,                 :
                                                :      **MEMORANDUM DECISION**
              - against -                       :      **AND ORDER**
                                                :
BAYVIEW LOAN SERVICING, LLC, 4371               :      19-cv-3204 (BMC)
MURRAY AVENUE, EZ CASHING LLC,                  :
and JOE WEISER,                                 :
                                                :
                    Defendants.                 :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

By order dated June 5, 2019, the Court ordered defendants to show cause why this action should not be remanded to state court for lack of subject matter jurisdiction. As the Court noted in its prior order, the notice of removal identifies defendants EZ Cashing, LLC and 4371 Murray Ave. as limited liability companies, but fails to identify any of their members or their members' citizenship.

As the Court has already advised defendants, "the averment of jurisdiction shall be positive, that the declaration shall state expressly the fact upon which jurisdiction depends." Brown v. Keene, 33 U.S. 112, 114 (1834). Because defendants have failed to identify any members of EZ Cashing, LLC and 4371 Murray Ave. – let alone provide facts showing the citizenship of these members – defendants have failed to invoke federal subject matter jurisdiction.

Defendant Bayview Loan Servicing, LLC's ("Bayview") response does not provide the Court with the identity of any members of these LLCs or their members' citizenship. Instead, Bayview provided a declaration of defendant Joe Weiser, who merely states that "tracing the

lineage of each member of 4371 Murray Avenue, LLC and E-Z Cashing, LLC, at all levels, [he] do[es] not believe that any of the relevant entities or individuals are considered to be New York State residents for purposes of assessing diversity." Putting aside the fact that it is domicile, not residence, that determines citizenship, see Palazzo ex rel. Delmage v. Corio, 232 F.3d 38 (2d Cir. 2000), the declaration does not provide the basis for Weiser's belief, and Bayview concedes that "Mr. Weiser declined our request to provide the specific ownership structure of 4371 Murray or EZ Cashing." But jurisdictional allegations, like all allegations in pleadings, have to be based on facts, not conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

There is no fundamental right to remove cases to federal court. Rather, it is a narrowly construed statutory procedure that is available only if it is plain that removal jurisdiction exists. See Vasura v. Acands, 84 F. Supp. 2d 531 (S.D.N.Y. 2000). For this reason, I reject Bayview's attempt to elevate the ability to remove cases involving unincorporated associations to a comparable level as those involving incorporated entities. The Supreme Court's decision in Carden v. Arkoma Associates, 494 U.S. 185 (1990), makes it clear that Congress intended corporations to have a special status for diversity and removal purposes that other business entities do not.

Congress was well aware that it is usually not difficult to ascertain a corporation's state of incorporation or its principal place of business. It was equally aware that state law provides few if any disclosure requirements as to the membership and activities of limited liability companies, limited partnerships, general partnerships, and other unincorporated business associations, and that there are many associations managed by people who, like Mr. Weiser, do not wish to disclose the membership of their limited liability companies. Although this means

2

that it will sometimes be difficult or impossible to make the factual averments necessary to sue or remove cases involving such associations, Congress has never passed legislation facilitating removal of such cases. As Arkoma holds, it is not up to the courts to "supplement" the statutory scheme that Congress has determined should control removal.

Bayview appears to recognize the inadequacy of its attempt to invoke subject matter jurisdiction by requesting that I authorize jurisdictional discovery if I find that Bayview has not demonstrated that I have jurisdiction here. However, I will not authorize jurisdictional discovery that wastes the time and resources of the Court and the parties to remedy Bayview's failure to "secure jurisdictional details from original sources before making formal allegations." Belleville Catering Co. v. Champaign Mkt. Place, L.L.C., 350 F.3d 691, 693 (7th Cir. 2003).

In support of its request for jurisdictional discovery, Bayview cites to a case in which the court authorized limited jurisdictional discovery when the parties disputed the accuracy of factual allegations regarding a party's citizenship. See Aleph Towers, LLC v. Ambit Texas, LLC, No. 12-CV-3488, 2013 WL 4517278, at *4 (E.D.N.Y. Aug. 23, 2013). Allowing discovery over disputed factual allegations of jurisdiction would be one thing. Allowing discovery to find out if there is a basis for making factual allegations of jurisdiction in the first place would create a new field of satellite litigation in far too many instances when an unincorporated association is named in a complaint. For this reason, to the extent defendants interpret non-controlling authority – including a Third Circuit case, Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 108 (3d Cir. 2015), that Bayview cites in response to the Court's order to show cause – as permitting such discovery, the Court respectfully declines to follow their reasoning.

There is nothing special about this case. It is a dispute involving local real estate and a mortgage under state law, the kind of case that state courts hear all of the time. There is no reason why it cannot be fairly and efficiently litigated in state court. The case is remanded to the Supreme Court, Queens County, for lack of subject matter jurisdiction.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      June 14, 2019